```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/27/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

DAVID CRUZ,  :

          Plaintiff,  :

   -against-  :

WYCKOFF HEIGHTS MEDICAL  :
CENTER, et ano,
  :
          Defendants.
------------------------------------------------------------x

**ORDER AND REPORT
AND RECOMMENDATION
TO THE HONORABLE
EDGARDO RAMOS**

13cv8355-ER-FM

**FRANK MAAS,** United States Magistrate Judge.

    Wykoff Heights Medical Center and John Leison, its Director of Radiology (together, the "Defendants"), seek dismissal of this employment discrimination action for Plaintiff's failure to prosecute.[1] For the reasons set forth below, I recommend that the Defendants' application be denied. I further have directed, however, that the Plaintiff's counsel provide the Plaintiff with a copy of this Order and Report and Recommendation, so that he will be aware of the past problems in this case, and that the Plaintiff's counsel compensate the Defendants for three hours of their counsel's wasted time.

---

[1] The parties have not engaged in formal motion practice concerning this issue. On two separate occasions, however, the Defendants have urged the Court to dismiss this action for failure to prosecute. (See ECF Nos. 32 (letter from Mark A. Konkel to the Court, dated Sept. 16, 2014) ("Ultimately, we believe that Plaintiff's complete failure to prosecute his case and his counsel's failure to be in contact with us warrants dismissal of this action with prejudice."), 42 (letter from Mr. Konkel to the Court, dated Jan. 28, 2015) ("[W]e hereby make a formal application for dismissal . . . .")). Although the Defendants have not identified any particular authority in support of their request, I assume that they are moving for an involuntary dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for want of prosecution.

I.   Background

On November 15, 2013, Plaintiff David Cruz ("Cruz") filed this action pro se, alleging that he was subjected to unequal terms and conditions of employment, and eventually terminated, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112, et seq. ("ADA"). (ECF No. 2). Your Honor subsequently referred the case to me for general pretrial supervision on April 2, 2014. (ECF No. 17).

On April 30, 2014, Anthony Chukwuka Ofodile ("Mr. Ofodile") entered a notice of appearance on behalf of Cruz. (ECF No. 21). Thereafter, with the Defendants' consent, Mr. Ofodile requested, and I granted, several modifications of a scheduling order that Your Honor previously had entered. (ECF Nos. 22, 23). Pursuant to the revised schedule, Cruz's amended complaint was to be filed by May 30, interrogatories and requests for documents were to be served by June 16, non-expert depositions were to be completed by October 31, and all discovery was to be completed by December 31, 2014.[2] On June 6, 2014, Mr. Ofodile filed an amended complaint superseding Cruz's pro se complaint.[3] (ECF No. 27).

---

[2]   Discovery in this matter has since been stayed pending resolution of the present application. (ECF No. 39).

[3]   Although the amended complaint was filed several days after the revised scheduling order required, it appears that Mr. Ofodile did make several unsuccessful attempts to file the amended complaint on May 30.

2

Following the referral, I scheduled an in-court status conference for June 16, 2014, at 10:30 a.m., but Mr. Ofodile failed to appear for that conference.[4]  As a consequence, I entered an order that same day scheduling a further telephone conference for September 16, 2014.  (ECF No. 28).  Mr. Ofodile also failed to participate in that conference.  Counsel for the Defendants, by comparison, attended both conferences.

During the telephone conference, Defendants' counsel indicated that Mr. Ofodile had not only failed to appear for the two scheduled conferences, but also had failed to (a) respond to inquiries concerning his inactivity, (b) respond to the Defendants' requests for discovery, (c) serve any discovery requests of his own, and (d) make Cruz available for a deposition that had been noticed for August 15, 2014.  Following the phone conference, Defendants' counsel submitted a letter which summarized these transgressions and urged the Court to dismiss this action with prejudice.  (ECF No. 32).  My memo endorsement on that letter required Mr. Ofodile to submit an affidavit explaining why the action should not be dismissed.  (ECF No. 34).  This appears to have gotten Mr. Ofodile's attention.  On September 24, 2014, he submitted an affidavit explaining that his failure to pursue this matter diligently was the result of the departure of his law firm's only two associates, and his own heavy case load.  (ECF No. 36).  Mr. Ofodile maintained, however, that he had missed both conferences due to miscommunications.  (Id.).

---

[4]   My Chambers initially indicated incorrectly that the conference was a "settlement conference," but issued a corrected notice of conference on May 2, 2014, several days after Mr. Ofodile entered his aperance.  (See ECF Nos. 20, 24).

II.     Discussion

A plaintiff has a duty to advance his case diligently and his failure to do so may result in dismissal for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  See United States ex rel. Pervez v. Maimonides Med. Ctr., 415 F. App'x 316, 317 (2d Cir. 2011) (citing Lyell Theater Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982)).  Under Rule 41(b), a district court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the] rules or a court order."  Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Fed. R. Civ. P. 41(b)).

Before dismissing a case under Rule 41(b), the Court must address five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lewis v. Frayne, 595 F. App'x 35, 36 (2d Cir. 2014) (quoting Baptiste, 768 F.3d at 216).  No single factor is dispositive.  Id.  Rather, the Court must consider the "record as a whole" and be "mindful that such dismissals are 'the harshest of sanctions' and . . . should be preceded 'by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to

be heard.'" Id. at 36-37 (quoting Mitchell v. Lyons Prof'l Servs., Inc., 708 F.3d 463, 467 (2d Cir. 2013)). Here, the record does not warrant dismissal.

There is no question that Mr. Ofodile's representation of Cruz in this matter has fallen well below the appropriate standard of conduct. He not only has obstructed defense counsel's efforts to progress this case, but also has done his own client a disservice by failing to appear at court conferences and pursue discovery in a timely fashion. Nevertheless, it appears that Mr. Ofodile's inaction is the result of negligence – not an intentional attempt to engage in dilatory tactics to prejudice the Defendants. Where, as here, the delay created by a failure to actively pursue a case does not cause any "particular, or specially burdensome, prejudice . . . beyond the delay itself," dismissal is not appropriate. Id. at 38.

Moreover, it is clear that involuntary dismissal – the "harshest of sanctions" – is unnecessary to move this case along. Indeed, almost immediately after the September 16 conference, Mr. Ofodile provided responses to the Defendants' interrogatories and document requests, and he has served discovery requests of his own. In light of Mr. Ofodile's apparent willingness and readiness to prosecute this case, and in the absence of any suggestion that Cruz is somehow responsible for his counsel's delay, dismissal of this case would be an excessive sanction. See Europacific Asset Mgmt. Corp. v. Tradescape, Corp., 233 F.R.D. 344, 355 (S.D.N.Y. 2005) (quoting Dodson v. Runyon, 86 F.3d 37, 39 (2d Cir. 1996)) ("[T]he more the delay was occasioned by the lawyer's disregard of his

5

obligation toward his client, the more this factor argues in favor of a less drastic sanction imposed directly on the lawyer.").

Additionally, the Second Circuit has repeatedly noted the importance of providing a litigant with proper notice that future inaction will lead to dismissal before taking that significant step.  See Lewis, 595 Fed. App'x at 37-38; Baptiste, 768 F.3d at 216-17.  Each instance of Mr. Ofodile's negligent conduct in this matter occurred prior to the Court's single warning that dismissal for fail to prosecute was imminent.  Indeed, after I intimated that a dismissal might result, (see ECF No. 34), Mr. Ofodile did respond.

In these circumstances, it would be inappropriate to dismiss Cruz's case simply because of his counsel's prior inattention.  I will require, however, that Mr. Ofodile serve Cruz with a copy of this Order and Report and Recommendation so that he will be on notice that any further delays will result in a recommendation to dismiss this action with prejudice.  I further will require that, by May 15, 2015, Mr. Ofodile file proof that his client was served.

Finally, because Mr. Ofodile's actions obviously have caused the Defendants unnecessary expense, including but not limited to their counsel's attendance at conferences, it is appropriate that they be compensated.  Mr. Ofodile is therefore directed to compensate the Defendants for three hours of their counsel's time at his regular hourly rate.  See In re Goldstein, 430 F.3d 106, 110 (2d Cir. 2005) (quoting United States v. Seltzer, 227 F.3d 36, 42 (2d Cir. 2000)) (a court has inherent authority to "'police the conduct of attorneys as officers of the court' and to impose sanctions for

attorney misconduct."). Such payment shall be made by May 15, 2015, with proof of service to be promptly furnished to the Court.

III.   Conclusion

For the foregoing reasons, I recommend that the Defendants' request that this case be dismissed for failure to prosecute be denied. However, Mr. Ofodile is directed to serve his client with a copy of this Order and Report and Recommendation and to compensate the Defendants for three hours of their counsel's squandered time.

IV.   Notice of Procedure for Filing Objections to this Report and Recommendation

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a) and (e). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of Honorable Edgardo Ramos and to my chambers, at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b). Any requests for an extension of time for filing objections must be directed to Judge Ramos. The failure to file these timely objections will result in a waiver of those objections for purposes of

appeal.  See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b).

        SO ORDERED.

Dated:      New York, New York
             April 27, 2015

*/s/ Frank Maas*
FRANK MAAS
United States Magistrate Judge