UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID CRUZ,

                                    Plaintiff,

                    - against -

WYCKOFF HEIGHTS MEDICAL CENTER and
JOHN LEISON, Director of Radiology,

                                    Defendants.

**OPINION AND ORDER**

13 Civ. 8355 (ER)

Ramos, D.J.:

    Wyckoff Heights Medical Center ("WHMC") and John Leison (together, "Defendants")

bring this motion to strike certain statements, responses, and paragraphs from Plaintiff's

submissions in opposition to Defendants' motion for summary judgment.  (Doc. 93).

    Federal Rule of Civil Procedure 56 ("Rule 56") requires a party that is asserting a fact on

summary judgment to cite "to particular parts of materials in the record."  Rule 56(c)(1)(A).

Furthermore, "[a]n affidavit or declaration used to support or oppose a motion must be made on

personal knowledge, set out facts that would be admissible in evidence, and show that the affiant

or declarant is competent to testify on the matters stated."  Rule 56(c)(4).  Where a party fails to

assert a fact pursuant to Rule 56(c), the court is permitted to consider the fact undisputed for

purposes of the motion.  *See* Rule 56(e)(2).

    Local Civil Rule 56.1 for the Southern District of New York ("Local Rule 56.1") requires

the party moving for summary judgment to submit a "short and concise statement, in numbered

paragraphs, of the material facts as to which the moving party contends there is no genuine issue

to be tried."  Local Rule 56.1(a).  It also requires the party opposing summary judgment to

include correspondingly numbered paragraphs responding to the movant's statement, and an

additional, separate statement of materials facts, if necessary.  *See* Local Rule 56.1(b).  Any paragraph from the movant's statement that is not "specifically controverted by a correspondingly numbered paragraph" in the opponent's statement is "deemed admitted for purposes of the motion."  Local Rule 56.1(c).  "Each statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)."  Local Rule 56.1(d).

There are four documents at issue on this motion:  (1) Defendants' Rule 56.1 Statement of Undisputed Material Facts ("Defs.' Statement") (Doc. 61), (2) Plaintiff's Response to Defendants' Rule 56.1 Statement of Undisputed Material Facts ("Pl.'s Response") (Doc. 73), (3) Plaintiff's Counter Statements of Material Facts ("Pl.'s Statement") (Doc. 75), and (4) the Affidavit of Plaintiff David Cruz ("Cruz Aff.") (Doc. 76).

Defendants first move to strike all paragraphs from Pl.'s Response that do not contain specific citations to admissible evidence, and to deem as admitted all correspondingly numbered paragraphs from Defs.' Statement.  Because nearly all of the paragraphs in Pl.'s Response are boilerplate responses that do not cite specific evidence, and because Pl.'s Statement does not independently cite to admissible evidence to the contrary, the following paragraphs from Defs.' Statement are deemed admitted pursuant to Rule 56(e)(2) and Local Rules 56.1(c) and 56.1(d): 9, 10, 16–22, 29–32, 34–40, 42, 45–47, 50–53, 56, 57, 59, 61, 62, 64–73, 75–81, 86–88, 90, 92–95, 97–104, 106–112, 115–119, 121–125, 134, 135, 138, 139, 141, 142, 144–147, 150–153, 155–161, 163–170, 172, 173, 175–180, 182–185, and 187–189.  *See, e.g.*, *Dasrath v. Stony Brook Univ. Med. Ctr.*, No. 12 Civ. 1484 (SJF), 2015 WL 1223797, at *1 (E.D.N.Y. Mar. 17, 2015) ("Statements in the Def. 56.1 Stmt. to which plaintiff objected but failed to provide a citation to

the evidence as required by Local Rule 56.1(d) are not considered disputed.") (citing *Feis v. United States*, 394 F. App'x 797, 799–800 (2d Cir. 2010)).

The following paragraphs from Pl.'s Statement do not cite to any admissible evidence in the record, and thus the Court will not consider them pursuant to Rule 56(c)(1)(A) and Local Rule 56.1(d):  1–9, 11–16, 24, 28–33, 36–40, 53–60, 70, 73, 76–78, 80, 83, 86, 97–99, 101–106, 108, 116–121, 125–130, 134–140 (including both paragraphs numbered 137), 144–150, the first paragraph numbered 153 (citing Foti Tr. 151–52), 158, 160, 173, 179, 180, 188, and 189.  *See, e.g.*, *Shkreli v. JPMorgan Chase Bank, N.A.*, No. 13 Civ. 5647 (LGS), 2015 WL 1408840, at *1 n.1 (S.D.N.Y. Mar. 27, 2015) (declining to consider paragraphs from plaintiff's 56.1 statement that were not supported by citation to evidence in record) (citing *Shepard v. Frontier Commc'ns Servs., Inc.*, 92 F. Supp. 2d 279, 284 (S.D.N.Y. 2000)).

The Court will reserve judgment on whether to disregard the following paragraphs in Pl.'s Statement, which cite evidence that is in the record but does not, according to Defendants, support the factual assertions made therein:  18, 22, 71, 72, 107, 112, and 152.

Defendants also move to strike paragraphs from the Cruz Aff.  Based on Rule 56(c)(4), a court "may 'strike portions of an affidavit that are not based upon the affiant's personal knowledge, contain inadmissible hearsay[,] or make generalized and conclusory statements.'" *New World Sols., Inc. v. NameMedia Inc.*, 150 F. Supp. 3d 287 (S.D.N.Y. 2015) (quoting *Rockport Co. v. Deer Stags, Inc.*, 65 F. Supp. 2d 189, 191 (S.D.N.Y. 1999)).

Cruz Aff. ¶ 3 states that "WHMC never distinguished between FMLA permitted intermittent leave and non-approved leave *in disciplining me* for violation of WHMC's time and attendance policy" (emphasis added).  Without resolving whether the evidentiary record otherwise supports this statement, there is at least a basis for personal knowledge because the

statement is limited to those instances in which Plaintiff himself was disciplined.  The Court will not strike this paragraph.

The sentence "[a] final warning precedes a suspension" is struck from Cruz Aff. ¶ 5 because the affidavit does not establish that Plaintiff is competent to testify about WHMC's formal discipline procedures and how they are programmatically administered.

The statement from Cruz Aff. ¶ 18 that Plaintiff, "as a Union employee," was "entitled to every written complaint against [him] by other employee [sic]" is struck because the affidavit does not establish that Plaintiff is competent to testify about WHMC's obligations under any collective bargaining agreement.

The Court will reserve judgment on whether to disregard the following paragraphs in the Cruz Aff. that, according to Defendants, contradict Plaintiff's previous deposition testimony:  16, 17, and 22.

Motions for reconsideration must be submitted on or before **July 29, 2016**.  *See* Local Rule 6.3 (permitting the Court to set a deadline for motions for reconsideration).  If such a motion is made, the moving papers *must* make *specific* reference to individual paragraphs in Pl.'s Statement, Pl.'s Response, and/or the Cruz Aff., and *must* contain *specific* pinpoint citations to evidence already in the record.

The Clerk of the Court is respectfully directed to terminate the motion, Doc. 93.

It is SO ORDERED.

Dated:   July 19, 2016
         New York, New York

Edgardo Ramos, U.S.D.J.